UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-CR-142 |
| | ) | |
| UNDRA DAVIS, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The case came before the Court on February 2, 2012, for a motion hearing on all pending pretrial motions, all of which were filed January 23, 2012. Assistant United States Attorney Alexandra Hui appeared on behalf of the Government. Attorney Stephen G. McGrath appeared on behalf of Defendant Undra Davis, who was present. The Court heard the argument and evidence on the pending motions, and issued oral rulings on the non-dispositive motions. This Memorandum and Order memorializes those rulings.

Presently before the Court are the following motions:

(1) The Defendant's Motion to Compel Government to Provide Defendant with Exhibit and Witness List Prior to Trial [Doc. 24];

(2) Motion of Defendant Undra Davis for Disclosure of the Identity of All Participant-Witnesses [Doc. 25];

(3) Motion of Defendant Undra Davis for Early Jencks Material [Doc. 26];

(4) Motion of Defendant Undra Davis for Disclosure of Any Rule

1

404(b) Evidence the Government Intends to Introduce at Trial [Doc. 27];

(5) Motion of Defendant Undra Davis to Compel Disclosure of the Existence and Substance of Promises of Immunity, Leniency, or Preferred Treatment [Doc. 28];

(6) The Defendant's Motion for Pretrial Notice of Government's Intent to Use Evidence [Doc. 29]; and

(7) The Defendant's Motion for Pretrial Notice of Government's Intent to Use 608 or 609 Impeachment Evidence [Doc. 30].

The Court will address each of these motions in turn.

## I. MOTION TO COMPEL GOVERNMENT TO PROVIDE EXHIBIT AND WITNESS LIST PRIOR TO TRIAL [Doc. 24]

The Defendant has moved [Doc. 24] the Court to compel the Government to disclose its exhibit and witness list thirty days prior to trial. He argues that the Court maintains discretion to order production of an exhibit and witness list and that failure to disclose this information in a timely manner will prevent counsel from providing effective representation. The Government responds [Doc. 31] that because this case presents no unusual circumstances, there is no justification to compel disclosure of exhibit and witness lists.

As a general rule, the government is not required to disclose the names of its witnesses before trial. See United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir. 1993), cert. denied, 510 U.S. 903 (1993); United States v. McCullah, 745 F.2d 350, 353 (6th Cir. 1984); see also United States v. Dark, 597 F.2d 1097, 1099 (6th Cir. 1974), cert. denied, 444 U.S. 927 (1979). Moreover, there appears to be some tension in the case law regarding whether a court has the discretion to order the government to produce a witness list even though Federal Rule of Criminal

Procedure 16 does not require it. Compare United States v. Kendricks, 623 F.2d 1165, 1168 (6th Cir. 1980) (holding that the district court has the discretion to order the prosecution to produce a witness list), with United States v. Presser, 844 F.2d 1275, 1285 (6th Cir. 1988) (holding that Rule 16 provides no authority for compelling the government to disclose Brady material or any other evidence not required by the rule pretrial). Even in holding that Rule 16 does not allow for discovery beyond its scope, the Sixth Circuit has noted that "a trial court may have some inherent power to enter specific orders compelling the disclosure of specific evidence when justice requires it," although it may not disregard specific statutory provisions such as the Jencks Act. Presser, 844 F.2d at 1285 n.12.

In the present case, the Defendant has presented no compelling need for the disclosure of an exhibit and witness list. The Court finds no basis to order the production of an exhibit and witness list in this case. Accordingly, the Defendant's Motion to Compel Government to Provide Defendant With Exhibit and Witness List Prior to Trial [**Doc. 24**] is **DENIED**.

## II.  MOTION FOR DISCLOSURE OF THE IDENTITY OF ALL PARTICIPANT-WITNESSES [Doc. 25]

The Defendant asks [Doc. 25] the Court to order the Government to provide the identity of all informants who participated and were involved in this case as they may be considered material witnesses. The Government responds [Doc. 31] that the motion should be denied as moot because the Government did not use confidential informants in this case.

Accordingly, the Motion of Defendant Undra Davis for Disclosure of the Identity of All Participant-Witnesses [**Doc. 25**] is **DENIED as moot**.

3

## III. MOTION FOR EARLY JENCKS MATERIAL [Doc. 26]

The Defendant asks [Doc. 26] the Court to require production of witness statements as soon as possible or at least fourteen days prior to trial. In support of his request, the Defendant cites to the absence of any particularized need for secrecy and the need to prevent undue interruptions of the trial. The Government opposes [Doc. 31] the request, arguing that the Defendant is not entitled to early disclosure of witness statements. Moreover, the Government notes its routine practice of disclosing Jencks Act materials in advance, and has in fact already provided the Defendant with many witnesses' statements during initial discovery.

The Jencks Act provides in pertinent part as follows:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500; see also Fed. R. Crim. P. 26.2. The Sixth Circuit has upheld the government's right under this statute to withhold witness statements or reports, even those that would be favorable to the defendant's defense, until after the witness testifies: "The clear and consistent rule of this circuit is that the intent of Congress expressed in the Act must be adhered to and, thus, the government may not be compelled to disclose Jencks Act material before trial." Presser, 844 F.2d at 1283.

Although the Jencks Act permits the government to wait for disclosure until after the witness testifies, the Sixth Circuit has encouraged the government to provide the information earlier in appropriate cases in order to prevent delay at trial. See United States v. Minsky, 963 F.2d 870,

4

876 (6th Cir. 1992). Additionally, this Court's Order on Discovery and Scheduling [Doc. 14 ¶O] also encourages the early production of Jencks Act materials "as soon as possible and well before the testimony of the government witness in order to avoid undue interruptions of trials." However, the Sixth Circuit recognizes that in some cases the government may have a substantial reason for waiting until after the witnesses' testimony to disclose the Jencks material. See United States v. Algie, 667 F.2d 569, 572 (6th Cir. 1981).

In the present case, the Government noted its informal practice of providing Jencks materials in advance of trial. The Court finds that the Government is aware of its duty to turn over witness statements after the witness testifies and has agreed to disclose Jencks materials the Friday prior to the trial, presently set for Tuesday, June 5, 2012. Although the Defendant desires the Court to order production of witness statements as soon as possible, the Court finds that in the absence of any extraordinary or compelling reason to do so, this would be inconsistent with case law and the practice in this district. See Presser, 844 F.2d at 1283. Accordingly, the Motion of Defendant Undra Davis for Early Jencks Material [**Doc. 26**] is **DENIED**.

### IV. MOTION FOR DISCLOSURE OF ANY RULE 404(b) EVIDENCE THE GOVERNMENT INTENDS TO INTRODUCE AT TRIAL [Doc. 27]

The Defendant asks [Doc. 27] the Court to order the Government to provide now or, at a minimum, fourteen days prior to trial, evidence under Federal Rule of Evidence 404(b) that the Government intends to use in its case-in-chief at trial. Furthermore, the Defendant has laid out a detailed list of specific information requested. The Defendant contends such disclosure is necessary for the Defendant to properly prepare to defend or exclude any evidence that justice would require. Such disclosure would also serve to avoid disruptions of the case. The Government responds [Doc.

5

31] that the motion should be denied as moot because the Court's Order on Discovery and Scheduling [Doc. 14 ¶I] already addresses the requirements of Rule 404(b) disclosures. The Government further points out that the Court's order requires disclosure of the "general nature of any Rule 404(b)-type evidence," not the level of detail requested by the Defendant.

Rule 404(b) provides that upon the defendant's request, the government "must provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and do so before trial–or during trial if the court, for good cause, excuses lack of pretrial notice." Fed. R. Evid. 404(b)(2)(A)-(B). This Court's Order on Discovery and Scheduling [Doc. 14 ¶I] states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court notes otherwise. The Defendant has stated no compelling need for an earlier disclosure, and the Court finds no reason to depart from the seven-day time frame provided in the Order on Discovery and Scheduling.

With regard to the type of information the government must provide in its Rule 404(b) notice, the Sixth Circuit has held that the "government's notice must characterize the prior conduct to a degree that fairly apprises the defendant of its general nature." United States v. Barnes, 49 F.3d 1144, 1148-49 (6th Cir. 1995). Such notice must be sufficiently clear that the issue of its admissibility can be resolved pretrial. Id. at 1149. Furthermore, the Advisory Committee Notes to the rule confirm that the government must only provide general information in its notice:

> [N]o specific form of notice is required. The Committee considered and rejected a requirement that the notice satisfy the particularity requirements normally required of language used in a charging instrument. Instead, the Committee opted for a generalized notice provision which requires the prosecution to apprise the defense of the general nature of the evidence of extrinsic acts. The

> Committee does not intend that the amendment will supercede other rules of admissibility or disclosure, such as the Jencks Act, 18 U.S.C. § 3500, et. seq. nor require the prosecution to disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under Federal Rule of Criminal Procedure 16.

Fed. R. Evid. 404(b), Advisory Committee Notes on 1991 Amendments (citation omitted).

Guided by the case law and the Advisory Committee Notes to the rule, the Court finds that the Defendant is not entitled to the level of detail in the notice that he requests in his motion. Instead, the Government is ordered to give notice of the general nature of any 404(b) evidence it intends to introduce at trial. If the Defendant believes that the Government is not entitled to introduce the evidence of which it gives notice, he may file a motion *in limine* seeking its exclusion. The Government's response to such motion will inform the Defendant of the theory or element which the Government believes provides the basis for the evidence's admissibility under Rule 404(b). Thus, the Court finds that a general notice would not prevent the Defendant from preparing to exclude the 404(b) evidence.

Accordingly, the Motion of Defendant Undra Davis for Disclosure of Any Rule 404(b) Evidence the Government Intends to Introduce at Trial [**Doc. 27**] is **DENIED**, in light of the fact that the Order on Discovery and Scheduling adequately provides for pretrial notice of the Government's intention to introduce 404(b) evidence.

### V. MOTION FOR DISCLOSURE OF THE EXISTENCE AND SUBSTANCE OF PROMISES OF IMMUNITY, LENIENCY, OR PREFERRED TREATMENT [Doc. 28]

The Defendant asks [Doc. 28] the Court to order the Government to produce prior to trial the existence and substance of any promises, statements, understandings, or the like, made

7

to any witness or cooperating individual. The Government responds [Doc. 31] that the motion should be denied as moot because at the present time the Government has no such agreements. The Government further notes that case law generally places upon the government the duty to disclose such information and that the timing for disclosure is addressed by the Court's Order on Discovery and Scheduling [Doc. 14 ¶E].

The Supreme Court has produced a line of cases requiring the government to disclose any evidence that is material or relevant to the defendant's guilt or sentencing including exculpatory or impeachment evidence. See United States v. Bagley, 473 U.S. 667 (1985); Giglio v. United States, 405 U.S. 150 (1972); Brady v. Maryland, 373 U.S. 83 (1963). In Giglio, the Court dealt with promises of immunity made by the government to its key witness. 405 U.S. at 150-51. The Court held that "[w]hen the 'reliability of a given witness may well be determinative of guilt or innocence,' nondisclosure of evidence affecting credibility" violates the demands of justice. Id. at 153-54. Furthermore, the Sixth Circuit has held that the government has an obligation "to turn over evidence in its possession that is both favorable to the accused and material to guilt or punishment." Presser, 844 F.2d at 1281.

In the present case, the Government has represented that it does not have any agreements with witnesses. Moreover, in the event the Government offers any promises of immunity, leniency, or preferential treatment in the future, the Government has stated it will disclose such information the Friday prior to the Tuesday start of trial, along with its disclosure of Jencks materials. Accordingly, in the absence of any promises or agreements between the Government and witnesses at this time, the Motion of Defendant Undra Davis to Compel Disclosure of the Existence and Substance of Promises of Immunity, Lenience, or Preferred Treatment [**Doc. 28**] is **DENIED**

**as moot**.

### VI. MOTION FOR PRETRIAL NOTICE DISCLOSURE OF GOVERNMENT'S INTENT TO USE EVIDENCE [Doc. 29]

Pursuant to Federal Rule of Criminal Procedure 12(b)(4)(B), the Defendant moves [Doc. 29] the Court to order the Government to provide specific written notice of evidence, including evidence subject to disclosure under the Federal Rule of Criminal Procedure 16, that the Government intends to use against him in these proceedings. The Defendant argues that the Government has provided a large amount of discovery that would be too time consuming and unreasonable for counsel to go through and speculate which items the Government intends to use in its case-in-chief. Furthermore, the Defendant makes the request to allow him an opportunity to object to the admissibility of any evidence before trial as provided by Rule 12(b)(3)(C). The Government responds [Doc. 31] that the motion should be denied because although the Defendant "has couched his request as one that will aid him in preparing a motion to suppress," in essence, the Defendant has requested an exhibit list.

Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure requires the government, upon request of the defendant, to give notice to the defendant of the government's intent to use certain evidence at trial. The rule is limited in scope. By its own terms, it is limited to evidence the defendant would be entitled to discover under Rule 16 of the Federal Rules of Criminal Procedure. It also explicitly limits disclosure to evidence the government intends to use in its case-in-chief. Furthermore, this "provision contemplates motions filed in preparation for actual or potential motions to suppress evidence." United States v. Lanier, 578 F.2d 1246, 1254 (8th Cir.), cert. denied, 439 U.S. 856 (1978).

Rule 12(b)(4)(B) is not designed nor intended to be used to obtain more specific discovery than that provided by Rule 16. See id. Rather, Rule 12(b)(4)(B) is intended to facilitate the making of pretrial suppression motions by allowing the defendant to avoid filing a motion to suppress when the government does not intend to use the evidence. Thus, to the extent that a defendant does object to certain evidence, and/or plans to file a motion to suppress certain evidence, the government, in response to a Rule 12(b)(4)(B) request, should give notice of whether it intends to use such evidence in its case-in-chief.[1]

Here, the Defendant has already moved to suppress the items seized following his arrest. If the motion to suppress is granted, the Government asserts the entirety of its evidence would be suppressed. The Court agrees with the Government that the purpose of Rule 12(b)(4)(B) has already been served. Accordingly, the Defendant's Motion for Pretrial Notice of Government's Intent to Use Evidence [**Doc. 29**] is **DENIED**.

### VII. MOTION FOR PRETRIAL NOTICE OF GOVERNMENT'S INTENT TO USE 608 OR 609 EVIDENCE [Doc. 30]

Pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure and Rules 608 and 609 of the Federal Rules of Evidence, the Defendant asks [Doc. 30] the Court to order the Government to provide written notice of reputation or opinion evidence the Government intends to

---

[1] The Court notes that the government is not required to wait for the defendant's request before notifying the defendant of evidence it intends to use in its case-in-chief. See Fed. R. Crim. P. 12(b)(4)(A). In cases involving evidence, which likely or typically implicates a suppression issue (e.g., evidence obtained in searches, confessions, the defendant's statements, the defendant's criminal record, expert evidence, intercepted communications, etc.), the government is encouraged to take the initiative to disclose its intent to use such evidence in its case-in-chief pursuant to 12(b)(4)(A) before a 12(b)(4)(B) request is made.

use in this case. The Defendant requests that this information be provided as soon as possible or fourteen days prior to trial. The Government contends [Doc. 31] Rule 12(b)(4)(B) only assists the Defendant in filing pretrial motions and thus the rule cannot aid what the Defendant is requesting here. The Government further maintains there is no authority compelling disclosure of evidence under Rule 608. In regards to Rule 609, the Government states it has already disclosed the Defendant's criminal history pursuant to Rule 16 of the Federal Rules of Criminal Procedure and the Court's Order on Discovery and Scheduling.

As stated above, the scope of Rule 12(b)(4)(B) is limited to material that is discoverable under Rule 16 of the Federal Rules of Criminal Procedure and is used in contemplation of motions to suppress evidence. Rule 608 of the Federal Rules of Evidence permits the parties to challenge a witness' credibility for having a truthful or untruthful character.[2] Rule 609 of the Federal Rules of Evidence carefully circumscribes instances when a witness' criminal convictions can be used to attack the witness' character for truthfulness. Neither of these rules require disclosure prior to trial. Nor does such evidence fall within the scope of the disclosure obligations of Rule 16. As the Government has noted, the Court's Order on Discovery and Scheduling [Doc. 14 ¶F] requires disclosure of any Government witness' record of prior convictions. While the Defendant's criminal history has already been disclosed, the Government maintains it will continue to disclose prior convictions, if any, of any other Government witnesses.

---

[2]"[E]vidence of truthful character is admissible only after the witness's character for truthfulness has been attacked." Fed. R. Evid. 608(a). Other than criminal convictions under Rule 609, when attacking or supporting the witness' character for truthfulness, specific instances of conduct are inadmissible. Fed. R. Evid. 608(b). On cross-examination, however, the court has discretion to allow inquiry in such instances if "they are probative of the character for truthfulness or untruthfulness." Fed. R. Evid. 608(b).

Accordingly, to the extent that the Defendant's motion requests more than what is provided in the Court's Order on Discovery and Scheduling, the Defendant's Motion for Pretrial Notice of Government's Intent to Use 608 or 609 Impeachment Evidence [**Doc. 30**] is **DENIED**.

## VIII. CONCLUSION

In summary, it is **ORDERED** that:

(1) The Defendant's Motion to Compel Government to Provide Defendant with Exhibit and Witness List Prior to Trial [**Doc. 24**] is **DENIED**;

(2) Motion of Defendant Undra Davis for Disclosure of the Identity of All Participant-Witnesses [**Doc. 25**] is **DENIED as moot**;

(3) Motion of Defendant Undra Davis for Early Product of Jencks Material [**Doc. 26**] is **DENIED**;

(4) Motion of Defendant Undra Davis for Disclosure of Any Rule 404(b) Evidence the Government Intends to Introduce at Trial [**Doc. 27**] is **DENIED**;

(5) Motion of Defendant Undra Davis to Compel Disclosure of the Existence and Substance of Promises of Immunity, Leniency, or Preferred Treatment [**Doc. 28**] is **DENIED as moot**;

(6) The Defendant's Motion for Pretrial Notice of Government's Intent to Use Evidence [**Doc. 29**] is **DENIED**; and

(7) The Defendant's Motion for Pretrial Notice of Government's Intent to Use 608 and 609 Impeachment Evidence [**Doc. 30**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge